UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LARRY BLUE,<br><br>    Petitioner,<br><br>v.<br><br>SEAN MEDEIROS,<br><br>    Respondent. | Civil Action No. 17-cv-10464-ADB |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**

BURROUGHS, D.J.

    Petitioner has sought a writ of habeas corpus requesting relief from his Massachusetts state court firearms convictions. [ECF No. 1]. Currently pending before the Court is Respondent's motion to dismiss the petition as time-barred under the applicable one-year statute of limitations. [ECF No. 13]. For the following reasons, the Court **GRANTS** the motion.

**I.    BACKGROUND**

    On August 18, 2010, Petitioner was convicted by a jury of trafficking in cocaine within 1,000 feet of a school zone, possession of a firearm and ammunition without a license, and possession of marijuana.[1] [ECF No. 21-1 at 3–4, 177]. After trial, Petitioner also entered a guilty plea to an indictment charging him with being an armed career criminal. Commonwealth v. Blue, 994 N.E.2d 817, 2013 WL 5377118, at *1 (Mass. App. Ct. 2013). He then timely appealed his convictions, arguing that three pretrial motions to suppress should have been allowed and that the Massachusetts firearm licensing scheme is unconstitutional. Id. On September 27, 2013, the

---

[1] Petitioner was acquitted of one count of possession of a firearm without a license. Commonwealth v. Blue, 46 N.E.3d 114, 2016 WL 757758, at *1 n.1 (Mass. App. Ct. 2016).

Massachusetts Appeals Court affirmed his convictions. Id. On September 30, 2013, he filed a petition for rehearing, which was considered and denied on October 3, 2013. [ECF No. 21-1 at 18]. He subsequently filed an application for further appellate review, which was denied on November 21, 2013. Commonwealth v. Blue, 998 N.E.2d 342 (Mass. 2013).

On February 21, 2014, after the indictment of Annie Dookhan and the discovery of widespread misconduct at the William A. Hinton State Laboratory Institute ("Hinton State Lab"), Petitioner moved for a stay of execution of sentence pursuant to Mass. R. Crim. P. 31, claiming that the misconduct at the Hinton State Lab and Dookhan's perjured testimony at his trial created a reasonable likelihood that he would eventually obtain a new trial. [ECF No. 21-1 at 26, 29]. He asserted in his motion that he would file a motion for a new trial "as soon as possible." Id. at 29.

On March 3, 2014, while the motion for a stay of execution of sentence was pending, the Supreme Judicial Court issued Commonwealth v. Scott, 5 N.E.3d 530, 545 (Mass. 2014), which held that defendants for whom Dookhan served as the primary or secondary chemist were entitled to a conclusive presumption that egregious government misconduct had occurred in his or her case. On March 27, 2014, following a hearing, Petitioner's motion for a stay of execution of sentence was denied on the ground that his firearms convictions were unlikely to warrant a new trial even in light of Dookhan's misconduct. [ECF No. 21-1 at 26].

On May 5, 2014, Petitioner filed a motion for a new trial, raising ineffective assistance of counsel and the same grounds supporting his motion for a stay of execution of sentence. [ECF No. 21 at 6]. Commonwealth v. Blue, 46 N.E.3d 114, 2016 WL 757758, at *1 (Mass. App. Ct. 2016). On January 20, 2015, the motion for a new trial was granted as to Petitioner's drug charges but denied as to the firearms charges. Blue, 2016 WL 757758, at *1. On January 29, 2015, the Commonwealth nolle prossed Petitioner's drug charges. [ECF No. 21-1 at 14]. On

January 22, 2015, Petitioner appealed the partial denial of his motion for a new trial. [ECF No. 21-1 at 14]. His appeal was denied on February 26, 2016, thereby affirming the partial denial of his motion. Blue, 2016 WL 757758, at *3. He then sought further appellate review, which was denied on April 27, 2016. Commonwealth v. Blue, 50 N.E.3d 192 (Mass. 2016).

Petitioner eventually filed his petition for a writ of habeas corpus in this Court on March 20, 2017, claiming ineffective assistance of counsel based on his attorney's failure to argue that an undated affidavit accompanying a search warrant failed to establish probable cause. [ECF No. 1 at 6, 8]. Respondent then filed the instant motion to dismiss the petition as time-barred under the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). [ECF No. 14 at 1, 5−6].

## II.  DISCUSSION

### A.  Legal Standard

In evaluating a motion to dismiss, a court must accept all of the non-moving party's well-pleaded facts as true and consider those facts in the light most favorable to the non-moving party. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "[T]he standard of review upon a motion to dismiss a habeas claim is whether the facts alleged by the petitioner, taken as true unless contradicted by the record, state a claim upon which relief can be granted." United States v. Alba, 657 F. Supp. 2d 309, 312 (D. Mass. 2009).

### B.  Statutory Tolling

The AEDPA imposes a one-year statute of limitations on filing a petition for a writ of habeas corpus, which begins to run on the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented

> from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A state court conviction is considered final under Section 2244(d)(1)(A) when the "availability of direct appeal to the state courts and to [the U.S. Supreme Court] has been exhausted." Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (internal quotation and citations omitted). In Massachusetts, the denial of an application to the Supreme Judicial Court for further appellate review "constitutes the relevant benchmark of finality," after which a party has 90 days to file a petition for a writ of certiorari. Mack v. Dickhaut, 770 F. Supp. 2d 429, 432 & n.28, 433–34 (D. Mass. 2011). If the party does not seek certiorari, the conviction becomes final after the 90-day period lapses. Id. at 432 n.28 (citing Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005)). Section 2244(d)(2) also provides that the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions became final and the statute of limitations began to run on February 19, 2014 (90 days after the denial of his application for further appellate review). The limitations period then ran for 2 days, at which point Petitioner filed his motion for a stay of execution of sentence. An additional 73 days passed before Petitioner filed his motion for a new trial on May 5, 2014. In sum, 75 days passed between when the limitations period began running and when Petitioner filed his motion for a new trial, which indisputably tolls the statute of limitations under Section 2244(d)(2). During the pendency of the motion for a new trial—from May 5, 2014 until April 27, 2016 (the date that further appellate review was denied on the motion for a new trial)—no additional time lapsed on the limitations period. [ECF No. 14 at 5].

See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (tolling ends "when the state courts have finally resolved an application for state [post-conviction] relief").

The parties present conflicting views as to when the tolling of the statute of limitations began. Petitioner asserts that tolling began when he filed his motion for a stay of execution of sentence, but Respondent contends that tolling was not triggered until the filing of Petitioner's motion for a new trial. Given that 75 days out of the 365-day limitations period passed before the motion for a new trial was filed, Respondent claims that Petitioner had 290 days left to file his petition once the limitations period stopped tolling. However, if tolling began with the filing of the motion for a stay of execution of sentence, which occurred 2 days after the limitations period began to run, then Petitioner arguably had 363 days to file his petition after tolling stopped. Because Petitioner filed his petition 327 days after the limitations period resumed, the timeliness of the petition depends on which party's view prevails as to whether Petitioner's motion for a stay of execution of sentence tolled the statute of limitations.

Under the AEDPA, the statute of limitations is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The central issue is thus whether the filing of a motion for a stay of execution of sentence qualifies as "collateral review" under Section 2244(d)(2) and therefore tolls the statute of limitations. "[C]ollateral review" generally "means judicial review of a judgment in a proceeding that is not part of direct review." Wall v. Kholi, 562 U.S. 545, 547 (2011). Applications for a writ of habeas corpus or coram nobis and motions to reduce, vacate, or set aside sentences are generally considered "collateral," because each involves judicial review that is separate from the direct appeal and review processes. Id. at 552–53. A motion for a stay of execution of sentence is similarly "collateral" because it involves a

separate review of whether a sentence should be postponed while other direct or collateral review is pending.

"'[R]eview' commonly denotes 'a looking over or examination with a view to amendment or improvement,'" "'an act of inspecting or examining' or a 'judicial reexamination.'" Id. at 553 (first quoting Kholi v. Wall, 582 F.3d 147, 153 (1st Cir. 2009); then quoting Webster's New American Dictionary 1944). For example, a motion to reduce a sentence may be considered "review" because it "involve[s] judicial reexamination of the sentence to determine whether a more lenient sentence is proper." Id. at 556. In contrast, motions for post-conviction discovery or for appointment of counsel do not constitute "review" because they "are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from judgment." Id. at 556 n.4.

In ruling on a motion for a stay of execution of sentence, Massachusetts courts consider whether a defendant's direct appeal or motion for a new trial "'offers some reasonable possibility of a successful decision,'" and "whether the defendant's release poses a security risk." Commonwealth v. Charles, 992 N.E.2d 999, 1008, 1011 (Mass. 2013). The standard of reasonable likelihood of success involves only a passing review of the merits of the case for the purpose of detecting frivolous claims. See Commonwealth v. Levin, 388 N.E.2d 1207, 1209 (Mass. App. Ct. 1979); see also Commonwealth v. Allen, 392 N.E.2d at 1027, 1032 (Mass. 1979) (granting a motion for a stay of execution of sentence "must be speedy if it is to be effective, and the determination must often be done in haste, without th[e] full inquiry and consideration which the matter deserves"); id. at 1032–33 ("There is no requirement . . . that [the court] give a statement of reasons or make any particular finding or certification in order to grant or deny the stay."). A motion for a stay of execution of sentence also does not seek relief from

6

the sentence, only its postponement. The cursory nature of the state court's analysis and the limited scope of the available relief weigh against treating such a motion as "review."

Allowing a motion for a stay of execution of sentence to trigger tolling also does not further the policies underlying the AEDPA. Statutory tolling is meant to "provide both litigants and States with an opportunity to resolve objections at the state level, potentially obviating the need for a litigant to resort to federal court." Wall, 562 U.S. at 558. Unlike a motion to reduce a sentence, a motion for a stay of execution of sentence at best delays a sentence, and thus does not resolve any issues that could obviate the need for federal habeas review. Accordingly, Petitioner's motion for a stay of execution of sentence does not constitute collateral "review" under 28 U.S.C. § 2244(d)(2) and did not toll the statute of limitations.

### C. Equitable Tolling

Petitioner claims that he is entitled to equitable tolling for the period of time between February 19, 2014 (when his convictions became final) and May 5, 2014 (when he filed his motion for a new trial), due to the misconduct at the Hinton State Lab. "[T]he one-year limitations period in § 2244(d)(1) . . . can be subject to equitable tolling in appropriate cases," but generally should only be invoked "sparingly." Neverson v. Farquharson, 366 F.3d 32, 41–42 (1st Cir. 2004) (citation omitted). In seeking equitable tolling, Petitioner bears the burden of showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see Neverson, 366 F.3d at 41. The presence of extraordinary circumstances alone is insufficient. Such circumstances must have "actually caused the untimely filing." Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012).

Petitioner claims that the Hinton State Lab investigation and related judicial review

prevented him from filing his motion for a new trial concurrently with his motion for a stay of execution of sentence. Even assuming Petitioner acted diligently during the period between the filing of the motion for a stay of execution of sentence and the filing of the motion for a new trial, he still had 290 days to file his petition after the denial of his motion for a new trial became final on April 27, 2016. By then, the government had already <u>nolle prossed</u> Petitioner's drug charges because of the Hinton State Lab misconduct, and Petitioner fails to otherwise show how the Hinton State Lab misconduct continued to prevent him from filing his petition during the nearly ten months that remained on his limitations period. <u>See</u> <u>Tran v. Thompson</u>, No. 14−12580, 2015 WL 7428539, at *5 (D. Mass. Nov. 20, 2015) (no grounds for equitable tolling where petitioner "had more than three months following the date on which the remanded charges were nolle prossed before his federal limitation period expired"); <u>see also</u> <u>Neverson</u>, 366 F.3d at 44 (equitable tolling did not apply where, after extraordinary circumstances ceased to exist, petitioner "still had nearly four months . . . remaining under AEDPA in which to seek a new trial in state court" and inexplicably failed to do so). Petitioner is therefore not entitled to equitable tolling.

**III.   CONCLUSION**

Because Petitioner fails to establish grounds for either statutory or equitable tolling of the statute of limitations, his petition for a writ of habeas corpus is time-barred. Accordingly, the Court <u>GRANTS</u> Respondent's Motion to Dismiss. [ECF No. 13].

**SO ORDERED.**

Dated: November 13, 2017               /s/ Allison D. Burroughs
                                       ALLISON D. BURROUGHS
                                       U.S. DISTRICT JUDGE